WILLIAM PATTERSON

*v.*

ANDREW J. SCOTT *et al.*

*Filed at Ottawa June 20, 1892.*

1. GAMING—*bill to set aside sale under mortgage to secure money won by gambling—burden of proof.* On bill filed by a party to set aside a sale of his land under a decree of foreclosure of a mortgage, on the ground that the mortgage was given to secure money won by gambling, the burden of proof is upon him to establish, by a preponderance of the evidence, not only that he lost money while gaming with the defendant, but that all or some part of the money so lost by gambling was money for which the note and mortgage were given, either in whole or in part.

2. SAME—*bill under section 137 of the Criminal Code—waiving answer under oath.* On bill filed under section 137 of the Criminal Code for discovery of moneys won at gaming, and to set aside contracts, etc., based on money so won, it is competent for the complainant to waive an answer under oath; and if he does not, such answer must be overcome by the same degree of evidence as in other chancery cases.

3. SAME—*section 137 of the Criminal Code construed.* The words in section 137 of the Criminal Code relating to bills to set aside gaming contracts, that "all persons shall be obliged and compelled to answer under oath," found in the first sentence of that section, was intended to do away with the defendant's right to refuse to make a discovery on the ground that it might expose him to conviction on a criminal charge.

4. NEW TRIAL—*in chancery—on the evidence.* In a chancery cause, heard upon conflicting evidence, the error in the finding of the chancellor as to matters of fact must be clear and palpable before it will authorize a reversal, for the reason that such judge has superior facilities for forming a correct opinion of the relation, merit and weight of the testimony given in open court by the several witnesses.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. FRANK IVES, for the appellant.

Mr. EDWARD H. MORRIS, for the appellees.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This was a bill in equity for relief, filed by William Patterson, the appellant, in the Superior Court of Cook county, under the provisions of section 135 of the Criminal Code. *Mallett* v. *Butcher,* 41 Ill. 382; *Lucas* v. *Nichols,* 66 id. 41; *West* v. *Carter,* 129 id. 249.

One Elizabeth Shaw devised a house and lot in Chicago to appellant. The premises were encumbered by the dower claim of the husband of said Elizabeth, by a trust deed, and by the claim of the undertaker for funeral expenses, and two judgments against appellant also became liens upon them. Appellant was employed in a wholesale and retail fish and oyster house on South Water street, and received as wages for his work from $12 to $14 a week. Appellant executed to Andrew J. Scott, one of the appellees, a promissory note for $800, and a mortgage on the house and lot to secure the same, and some months thereafter gave to him a second note for $446, and

secured its payment by a second mortgage on the same property. On September 15, 1886, a bill was filed to foreclose one of these mortgages, and on the same day another bill was filed, the object of which was to foreclose the other of said mortgages. Decrees of foreclosure were entered upon each of the bills, and the premises were sold under one decree, and several months thereafter under the other decree. There was no redemption from either sale, and deeds were executed by the master in chancery based upon each of these sales. Thereupon appellant filed this bill, and its prayer is that said notes for $800 and $446, and the mortgages securing the same, and all orders and decrees in the suits to foreclose said mortgages, be held null and void, and that all deeds made in pursuance of the sales under the decrees be set aside and held void. The contention of appellant is, that all of the $1246 included in the notes and mortgages, except about $233, was money lost and owing by him to said Andrew J. Scott by playing with said Scott and his agents at cards, dice and other games at a gaming house kept by said Scott. The contention of appellee Scott is, that no portion of the money was loaned to be gambled away or was lost in gaming; that it was lent and advanced for the purpose of paying, and was in fact used in paying, the dower claim, undertaker's bill, trust deed and two judgments above mentioned, and certain attorney's fees, insurance, interest and other valid items of indebtedness.

It is a conceded fact of the case that said Scott was the keeper of a gaming house, and it is quite clear, from the evidence, that for a number of years appellant was a frequent visitor of such house, and there lost in gambling the greater portion of his wages and earnings. It is also very clear, from the evidence, that about three-fourths of the total amount of the moneys specified in the two notes and mortgages were applied to the discharge of incumbrances and valid claims and charges, but in respect to over $300 of the $1246 there is a direct and irreconcilable conflict in the evidence. The burden

of proof was upon appellant, as party complainant, to establish, by a preponderance of the evidence, not only that he lost money while gaming with appellee Andrew J. Scott, but that all or some portion of the money so lost by gambling was money for which one or both of the notes and mortgages were given, either in whole or in part. It is uncertain from the evidence whether $400 or only $150 of the money for which the property was mortgaged was used in securing a release of the trust deed, or whether the whole or only a portion of the undertaker's bill for $177 was paid with moneys obtained from said Scott, and it can not fairly be said that the weight of the evidence identifies any part of the money secured by the mortgages, or either of them, as money lost in gaming. Besides this, it is a question of the credibility of witnesses, who were all examined orally in open court before the chancellor, and who directly contradicted each other. It was held in *Coari* v. *Olsen*, 91 Ill. 273, and the rule has been followed in numerous subsequent cases, that in a chancery cause so heard upon conflicting evidence, the error in the finding of the chancellor as to matter of fact must be clear and palpable before it will authorize a reversal, and for the reason that such chancellor has superior facilities for forming an opinion of the relative merit and weight of the testimony given by the several witnesses. We can not say that the findings in this case on the disputed questions of fact were clearly and palpably wrong.

We have thus far left out of consideration the circumstance that the answers of the appellees to the bill of complaint were sworn to, the necessity of such answers being under oath not having been waived by the bill. Our opinion that the evidence introduced by appellant was insufficient to overcome the evidence produced by appellees and the sworn answers, in respect to the matter of money lost in gambling being included in the notes and mortgages, is sufficiently indicated by that which we have already said.

It is urged, however, that under the provisions of section 137 of the Criminal Code it was not competent for appellant to waive, in his bill, an answer under oath, and that therefore he is not subject to the increased burden of proof which is imposed when a sworn answer is filed. This bill, as heretofore stated, was filed under section 135 of the Code, and the provision in section 137 to which reference is made reads as follows: "In all actions or other proceedings commenced or prosecuted under the provisions of sections 126 to 135, inclusive, of this division, the party shall be entitled to discovery as in other actions, and all persons shall be obliged and compelled to answer, upon oath, such bills as shall be preferred against them for discovering the sum of money or other thing so sworn as aforesaid." The words that the party complainant "shall be entitled to discovery as in other actions," are indicative that it is a matter of election with him whether a sworn answer shall be required or waived.

The provision above quoted from section 137 is immediately followed, and in the same section, by this provision: "Upon the discovery and repayment of the money or other thing so to be discovered and repaid, the person who shall discover and repay the same, as aforesaid, shall be acquitted, indemnified and discharged from any other or further punishment, forfeiture or penalty which he might have incurred by the playing for or winning such money or other thing so discovered or repaid, as aforesaid." The meaning and intention of the words, "all persons shall be obliged and compelled to answer upon oath," found in the first sentence of the section, is manifest when such words are read in the light of the second sentence of the section. It was not intended to preclude the complainant in a chancery suit such as this from waiving a sworn answer, but it was intended to prevent defendants in such a suit from refusing to make sworn answers, when called for by the bill, on the ground that they could not lawfully be compelled to give any evidence against themselves that

would tend to convict them of a criminal charge. The sworn answers in this case, then, stand upon the same footing, in respect to the burden of proof placed upon the shoulders of the complainant, that sworn answers in other chancery cases stand.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*