THE COLUMBIA THEATRE AMUSEMENT COMPANY

*v.*

ARVILLE S. ADSIT *et al.*

*Opinion filed June 23, 1904—Rehearing denied October 13, 1904.*

1. LEASES—*the proper method of fixing value of premises as basis for rental.* In determining the value of premises, exclusive of improvements, as the basis for computing annual rental on the percentage plan, the effect of the lease upon the value of the fee simple title cannot be considered. (*Springer* v. *Borden*, 210 Ill. 518, followed.)

2. APPEALS AND ERRORS—*when objection to evidence cannot be raised.* An objection to the admission of certain evidence cannot be raised in the Supreme Court by one who was the appellee in the Appellate Court and assigned no cross-error questioning the admissibility of the evidence.

3. SAME—*when chancellor's findings should not be disturbed.* Findings of fact by the chancellor from conflicting oral testimony heard in open court, where he sees the witnesses and hears them testify, should not be disturbed, on appeal, unless clearly wrong.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

This was a bill in chancery filed by the appellant, against the appellees, in the circuit court of Cook county, for the purpose of having the court fix the value on May 1, 1901, of lot 2 in the county clerk's subdivision of block 120 in school section addition to Chicago, exclusive of the buildings thereon, under the terms of a thirty-year lease, bearing date May 1, 1881, made by the father of the appellees, during his lifetime, to the assignors of the appellant. By the terms of the lease the lessees covenanted to pay to the lessor, as yearly rent for said demised premises for the term of ten years from May 1, 1901, a sum equal to five per cent of the valuation of said demised premises on May 1, 1901, exclusive of any build-

ings or improvements put thereon by the lessees, and the lessor, at the expiration of the term, covenanted to purchase from the lessees any buildings on the demised premises which had been built thereon by them, at sixty per cent of their then appraised value. A cross-bill was filed, also answers and replications, and the case was tried in open court. The court found the value of the demised premises on the first day of May, 1901, exclusive of the buildings thereon, disregarding the lease and its effect upon the value of the demised premises, to be $4000 per front foot, that said value was depreciated by the lease $600 per front foot, and entered a decree fixing the value of the demised premises on May 1, 1901, for the purpose of determining the rent to be paid therefor under the said lease for ten years from May 1, 1901, at $3400 per front foot, or the sum of $236,640 for the entire demised premises. The heirs of James M. Adsit prosecuted an appeal from said decree to the Appellate Court for the First District. The branch of that court to which the cause was assigned found the value of said demised premises, exclusive of the buildings thereon, on the first day of May, 1901, to be $4310.36 per front foot, or the sum of $300,000 for the entire demised premises, reversed the decree and remanded the cause, with directions to the circuit court to enter a decree fixing the value of the demised premises, exclusive of the buildings thereon on May 1, 1901, at $300,000, for the purpose of fixing the yearly rent of said demised premises for the term of ten years beginning May 1, 1901, and fixing the yearly rent to be paid therefor for ten years from May 1, 1901, at $15,000, payable as in said lease provided, and the Columbia Theatre Amusement Company has brought the record for further review to this court by appeal.

KNIGHT & BROWN, and WILLARD & EVANS, for appellant.

SWIFT, CAMPBELL & JONES, for appellees.

Mr. Justice Hand delivered the opinion of the court:

It is first contended the Appellate Court erred in declining to take into consideration the effect of the lease upon the value of the fee in determining the value of said demised premises under the terms of the lease on May 1, 1901. In the case of *Springer* v. *Borden,* 210 Ill. 518, this court had under consideration the precise question here presented for decision. The terms of the lease in that case were identical with the terms of the lease in this case as to the basis for fixing the amount of rent which should be paid for the demised premises, and it was there held that the effect of the lease on the value of the fee, if any, should not be taken into consideration in fixing the value of the demised premises under the lease, but that the premises should be treated as vacant property, with a clear title in fee simple. The principle there announced is controlling here and must govern the decision of this case. The Appellate Court did not, therefore, err in declining to take into consideration the effect of the lease upon the value of the fee simple title in fixing the value on May 1, 1901, of the demised premises under the lease.

It is next contended that the trial court erred in admitting proof of sales of other similar property. In the manner in which this record is framed the question of the competency of said testimony is not raised. The appellant in this case was the appellee in the Appellate Court, and it failed in that court, by assignment of cross-errors, to question the admissibility of the testimony of which it now complains. The objection now made therefore comes too late, as the appellant cannot, in that state of the record, raise an objection to the admissibility of testimony in this court for the first time.

The appellant has assigned as error that the Appellate Court erred in fixing the value of the demised premises, exclusive of the buildings thereon on May 1, 1901, at the sum of $4310.36 per front foot, and the appellees

have assigned as cross-errors that the Appellate Court erred in not fixing the value of said premises, exclusive of the buildings thereon on May 1, 1901, at $5000 per front foot. The chancellor who entered the decree in this case saw and heard the witnesses who testified for the respective parties. The testimony of the several witnesses was conflicting and covered a wide range, as testimony usually does in similar cases, and he was in much better position than this or any other appellate tribunal to judge of the weight that should be given to the testimony of the respective witnesses. We have read the evidence as it appears in the record, and are unable to demonstrate that the amount of $4000 per front foot fixed by the chancellor as the value of said demised premises, exclusive of the buildings thereon, and disregarding the lease and its effect upon the value of the demised premises, was not on May 1, 1901, their true value. The rule in chancery practice in this State is too firmly established to be now shaken or overturned, that when the chancellor sees the witnesses and hears them testify, and their evidence is conflicting, the decree entered by him will not be disturbed upon a question of fact by an appellate tribunal unless it appears that the findings of facts are clearly and palpably wrong. *Patterson* v. *Scott,* 142 Ill. 138; *Fabrice* v. *Von der Brelie,* 190 id. 460; *Greensfelder* v. *Corbett,* id. 565; *Arnold* v. *Northwestern Telephone Co.* 199 id. 201.

The judgment of the Appellate Court and the decree of the circuit court will be reversed and the cause remanded to the circuit court, with directions to that court to enter a decree fixing the value of the demised premises, exclusive of the buildings thereon, on May 1, 1901, at $4000 per front foot, as the basis upon which rent is to be paid, at five per cent per annum, upon the demised premises for the ten years succeeding May 1, 1901.

*Reversed and remanded, with directions.*