## John A. Dings v. Julia M. Dings.

### Gen. No. 12,094.

1. DIVORCE—*when jurisdiction to grant, exists.* Jurisdiction to grant a decree of divorce exists where the offense complained of was committed in this state and the bill is filed in the county in which the complainant resides. notwithstanding such complainant may not have resided in the state for one whole year next preceding the filing of the · bill.

2. INCOMPETENT EVIDENCE — *presumption that chancellor disregarded.* Where there is sufficient legal admissible evidence appearing in the record to sustain the findings of the chancellor, it will be presumed that he disregarded all incompetent evidence, notwithstanding he may, in summing up his reasons for entering the decree, have commented upon a portion of such incompetent evidence.

3. FINDING OF CHANCELLOR—*when not disturbed.* It is a well-established rule that the chancellor who saw and heard the witnesses is better qualified than is an appellate tribunal to judge of the weight to be given to their testimony, and where the evidence of the witnesses is conflicting the decree will not be disturbed on appeal on a question of fact, unless it appears that the findings of fact are clearly and palpably wrong.

4. ADULTERY—*held established.* Held, from the particular evidence in this case, that the adultery charged in the bill was established by the evidence.

Divorce proceeding. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed November 2, 1905.

BOWEN W. SCHUMACHER, for appellant.

FRANK P. SCHMITT and WILLIAM G. WISE, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

This is an appeal from a decree of the Superior Court of Cook county entered in a suit for divorce, finding that appellant had committed adultery subsequent to his marriage to appellee, and for that reason dissolving the marriage relations which theretofore existed between the parties hereto. Appellant urges a reversal of this decree upon the grounds, first, that appellee was not an actual resident of said Cook county at the time she filed her bill; second, that the court admitted and based his decree upon incompetent evidence, and excluded competent evidence; and, third, that the record does not support the charge of adultery as set forth in the bill.

It appears that each of the parties had been married before October 21, 1899, when they became husband and wife. From the last named date until October 20, 1900, they lived together. On that date they separated, each charging the other with desertion. Appellant went to the Ingleside Hotel in Highland Park, Illinois, and was there employed until the spring of 1903, when he came to Chicago. In July, 1903, he went to board with Mrs. Ella Ingalls at 1336 Jackson boulevard. About a month later appellant and Mrs. Ingalls moved to 1159 West Harrison street, where they resided up to and including the time of the hearing of this cause. Appellee at the time of the separation went to a home she had in Highland Park. Twelve months thereafter she removed to South Dakota. April 25, 1902, in the county of Minnehaha, South Dakota, she began a suit for divorce against her husband upon the grounds of desertion and of non-support. After the evidence was taken she dismissed this action. March 17, 1903, she filed another bill for divorce against appellant in Sanborn County, South Dakota, upon the same grounds. This suit remained undisposed of until February 18, 1904, when it was dismissed upon her motion. May 31, 1903, she came

to Chicago, and has since resided here. February 5, 1904, she began the present action. Therein she charged appellant with desertion, beginning October 18, 1900, and with adultery committed by him with Mrs. Ingalls in the city of Chicago on or about August 10, 1903. Appellant answered the bill, denying all its charges of wrongdoing, and alleging that she was not a *bona fide* resident of Cook county at the time of the filing of the bill.

The record shows that appellee came from South Dakota to Chicago in May, 1903, and has ever since lived here. Eight months after her return she began the present suit. The charge which the learned chancellor found proved is that of adultery committed within this State on and after August 13, 1903.

Section 2, chapter 40, R. S. Hurd 1903, provides that "No person shall be entitled to a divorce in pursuance of the provisions of this act who has not resided in the State one whole year next before filing his or her bill or petition, unless the offense or injury complained of was committed within this State, or whilst one or both of the parties resided in this State."

Section 5 of the same act provides that "The proceedings shall be had in the county where the complainant resides, but process may be directed to any county in the State."

It will be seen that where the offense complained of was committed in this State, while the bill must be filed in the county in which the complainant resides, he or she need not have resided in the State one whole year next before filing the bill, but it is enough to confer jurisdiction that the complainant be an actual resident of the State at the date of the filing of the bill.

There is ample evidence in this record to sustain the finding of the chancellor that he had jurisdiction of the cause and of the parties.

The contention of appellant that the chancellor based his decree upon incompetent evidence is not well founded. It is true that the chancellor commented upon certain evidence when he gave his reasons for entering the decree. If

Dings v. Dings.

it be admitted that the alleged statements of Mrs. Ingalls concerning the relations which existed between herself and appellant were inadmissible, for the reason that they were not made in his presence, it does not follow that the decree herein should be reversed. It will be presumed that the chancellor in the final consideration of the case disregarded all incompetent evidence and based the decree upon the legal admissible evidence appearing in the record; and therefore if we find the decree is sustained by such legal evidence, we cannot reverse the finding.

The excluded evidence related to the admitted fact that appellee in April, 1902, and in March, 1903, was a resident of the State of South Dakota. Its exclusion, if improper, a point we need not pass upon, was not injurious to appellant, and therefore is not ground for reversal.

It is not necessary to set out the conflicting evidence upon the charge of adultery. It is not disputed but that appellant and Mrs. Ingalls were employed in the Ingleside Hotel, the one as clerk and the other as housekeeper, from October, 1900, until the fall of 1902, when she went to California; that while in that State she and appellant corresponded; that she came to Chicago in March, 1903, and being ill, went to a hospital, where he visited her; that in June, 1903, she rented a four-room flat on Jackson boulevard, and in the following month appellant went to live with her; that the two were alone in these apartments except on Saturdays and Sundays, when her niece visited them; that in order to reach his bedroom he had to pass through the sitting room where she slept; that in August of that year they moved to a three-room flat on Harrison street, where they continued to live until and including the hearing, and that the niece lived with them part of the time only in the latter apartments. There is evidence of familiarities between these parties, but they are specifically denied by appellant and by Mrs. Ingalls. We must take human nature as we find it. Here are two experienced persons who for many months occupy the same small apartments, sitting at the same table, and when not at work constantly

in each other's society. The conclusion of the learned chancellor, based upon these admitted facts, will not be disturbed. It is a well-established rule that the chancellor who saw and heard the witnesses is better qualified than is an appellate tribunal to judge of the weight to be given to their testimony; and where the evidence of the witnesses is conflicting the decree will not be disturbed by this court on a question of fact, unless it appears to us that the findings of fact are clearly and palpably wrong. Columbia Theatre v. Adsit, 211 Ill. 122, 125.

The decree of the Superior Court is affirmed.

*Affirmed.*