(No. 33647.—

JOSEPH B. GILBERT *et al.*, Appellants, *vs.* CHICAGO TITLE AND TRUST COMPANY *et al.*, Appellees.

*Opinion filed November 23, 1955—Rehearing denied Jan. 16, 1956.*

JOSEPH B. GILBERT, of Chicago, for appellants.

VICTOR H. GOULDING, of Chicago, (WILLIAM C. WINES, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Plaintiffs brought suit in the superior court of Cook County to enjoin defendants from interfering with an alleged easement created by implication. Evidence was taken and a decree was entered dismissing the complaint for want of equity. Plaintiffs appeal directly to this court on the ground that a freehold is involved.

The record discloses that prior to April 28, 1953, the Chicago Title and Trust Company, as trustee, owned certain real estate, commonly known as 6450 to 6460 North Winchester Avenue in Chicago, upon which it had constructed six 2-story and basement townhouses for sale to the public. The houses constituted one single unbroken structure, divided by party walls into the six houses, each of which has a separate entrance in the front and rear. The structure is situated along the west side of North Winchester Avenue, a north and south thoroughfare, and the first intersecting street from the west is about 165 feet north of the northernmost townhouse. A cement service walk was laid along the rear of the townhouses for the entire length of the structure from south to north, and thence east along the northern wall thereof to the sidewalk running in front of the townhouses. This latter portion, extending from the front sidewalk west to the service walk in the rear, is the subject of dispute in this case.

On April 28, 1953, plaintiff Gilbert bought the town-house known as No. 6458 N. Winchester Avenue, and on various dates prior to August, 1953, the plaintiffs Ballou, Reinhart, and Selig bought the houses at Nos, 6456, 6454, and 6452, respectively. The northernmost townhouse, known as 6460 N. Winchester Avenue, was acquired by defendant Lenora Moss on August 10, 1953. None of the deeds or contracts for deed mentioned any easement for use of the service walk, and that portion running east and west along the north wall of the building is entirely on the property of defendant Moss. On July 17, 1954, she erected a four-foot picket fence in the rear of her town-house along the east edge of the rear service walk, extending across the north service walk, and thence running east along the northern edge of the north service walk to the front of the townhouse. As a result, none of the plaintiffs could get access to the rear service walk from the front sidewalk, except by going through his house or around the end of the block and back through the alley, a distance of some 523 feet. The present suit was brought to enjoin the interference with plaintiff's use of an alleged easement by implication along the service walk, and to compel a removal of the fence.

To reverse the decree plaintiffs insist that "upon sever-ance of title when the first sale of a townhouse in the project was made, easements and burdens were established in the common ways and facilities which were of an open, visible and permanent character and which were imposed by the owner prior to severance, without being specifically mentioned in the conveyance." Defendants do not deny the plans of the designers and builders of the structure con-templated that the service walk running along the rear of the townhouses was to be used in common by the occupants of the several dwellings. In addition each pair of adjacent houses has a common stairway and stairwell to the base-ment, and each pair of adjacent houses has a common

sidewalk extending back from the service walk to the alley.

The rule is well established that where the owner of an entire estate has arranged it so that one portion of it derives a benefit and advantage from the other, of a permanent, open and visible character, and then sells a portion, the purchaser takes the portion sold with all the benefits and burdens which appear, at the time of the sale, to belong to it; and the moment the severance occurs easements or servitudes are created corresponding to the benefits and burdens mutually existing at the time of sale. (*Walters* v. *Gadde*, 390 Ill. 518.) As we pointed out in *Carter* v. *Michel*, 403 Ill. 610, the essential elements for an easement by implication are as follows: (1) There must be a separation of title; (2) before the separation occurs, the use must have been so long continued, obvious, or manifest, to that degree which will show it was meant to be permanent; and (3) the use of the claimed easement must be essential to the beneficial enjoyment of the land granted or retained.

It is evident the first and second requirements are satisfied in the case at bar. There was, of course, a separation of title; and while use of the claimed easement was not of long duration it is sufficiently obvious that it was meant to be permanent. Defendants do not dispute the presence of the first two requirements, but contend that the use of the easement is not essential to the beneficial enjoyment of plaintiff's property. It is argued that since each of the plaintiffs has a front door opening directly on Winchester Avenue, and shares a paved walk to a public alley, the passage across the Moss property is not absolutely necessary to the enjoyment of his premises; and that the fact that it is more convenient for the plaintiffs, their guests and others wishing to call at the rear doors, to do so by traversing the walk on the Moss property is not enough to establish an easement by implication.

A claimed easement, however, need not spring out of real necessity. It is sufficient if it be highly convenient and

beneficial to the enjoyment of the estate granted. (*Koubenec* v. *Moore*, 399 Ill. 620.) A review of the undisputed evidence in the instant case shows that the use of the east-west service walk was highly beneficial and extremely convenient to the use of the several houses of the plaintiffs; and that the obstruction erected by Mrs. Moss imposed a substantial hardship upon them. With the use of the service walk blocked by the fence a plaintiff is obliged—in order to carry anything, say, a lawnmower, from the front to the rear of his property without going through the house with it—to go north on Winchester Avenue to Loyola Street, a distance of 165 feet, thence west on Loyola Street to the alley, a distance of 125 feet, and thence south along the unpaved alley a distance of 165 feet. The evidence is sufficient to establish that the use of the service walk is essential to the beneficial enjoyment of the land granted. (See *Carter* v. *Michel,* 403 Ill. 610.) Our conclusion that an easement by implication exists in the disputed walk is further supported by the fact that there are undisputed reciprocal easements in the respective basement stairwells and the cement walks to the alley, in each of which one half is situated upon each of two adjoining properties, although such easements likewise receive no mention in the conveyances or contracts. Like the basement stairwells and walks to the alley, the east-west portion of the service walk was contemplated by the general plan of the project as being available for the joint use of occupants of several properties.

*Walker* v. *Witt,* 4 Ill. 2d 16, relied upon by defendants, is readily distinguishable from the case at bar. In that case the grantor (the United States government) sold a portion of land at a time when there was easy and convenient access from public roads to the retained portion over other land owned by the grantor. After it had conveyed the alleged servient estate the grantor sold part of the retained land to a different purchaser. The tract thus conveyed was not adjacent to any public road and was

completely landlocked. The grantee of this second tract claimed an easement by implication over the tract first sold, in order to have ingress and egress to his property. We held that the question whether such an easement was created must be determined as of the time the alleged servient estate was severed from the other land of the grantor, and that since the grantor then had easy access to the other land the alleged easement was not essential to its beneficial enjoyment. A comparable situation is not present in the case at bar, where it is clear that immediately upon severance of title the claimed easement was necessary for the reasonable enjoyment of plaintiffs' premises.

Defendants invoke the rule that findings of the chancellor will not be disturbed unless manifestly against the weight of the evidence. The rule has force where the testimony is conflicting and the chancellor must determine the credibility of witnesses and the weight of the evidence. In the case at bar, however, there is no substantial conflict in the facts, and the rule has little application.

The decree is reversed, and the cause is remanded to the superior court with directions to enter a decree granting to the plaintiffs appropriate relief in accordance with the views expressed herein.

*Reversed and remanded, with directions.*