Janice Boker, Plaintiff-Appellee, v. Howard Boker, Defendant-Appellant.

Term No. 58–F–1.

Fourth District.

May 1, 1958.

Released for publication May 19, 1958.

Armbruster & Diaz, Ross Armbruster, and Theodore E. Diaz, of Alton, for defendant-appellant.

Jacoby, Patton and Manns, all of Alton, for plaintiff-appellee.

JUDGE SCHEINEMAN delivered the opinion of the court.

This case involves a suit at law by Janice Boker against her husband, Howard Boker, for property and money alleged to be her own and unlawfully withheld from her by the defendant, to the value of $5,000. She did not ask for divorce or separate maintenance, although she alleged that defendant had ordered her out of their home, and she has since lived separate from him.

The cause was heard by the court without a jury, and resulted in a finding of the issues for the plaintiff and a judgment for $3,415.76. On this appeal the defendant states the sole question is one of law, and describes his position as follows:

"The defendant-husband's theory of the case is that when no prayer is made for divorce or separate maintenance; when the action brought does not sound in tort, trust, or contract, and when no allegations are made which negate a lawful acquisition by the defendant-husband from the plaintiff-wife by gift or for family support, the judgment of the trial court for the plaintiff-wife amounts to a determination of property rights of husband and wife without legal basis."

One of the cases cited by defendant is Olmsted v. Olmsted, 332 Ill. App. 454, which was a suit for separate maintenance. Coupled with the prayer for separate maintenance was a prayer for adjudication of property rights. It was held the court had no jurisdiction of that subject in the suit as filed. However, the opinion pointed out that the wife could have sued at law for her property, and that she could have joined that action at law by a separate count in the same suit, pursuant to Section 44 of the Practice Act [Ill. Rev.

Stats. 1957, ch. 110, § 44]. Neither that case nor any of the others cited by defendant is authority for the proposition that a wife cannot sue her husband at law for her separate property which he unlawfully retains from her.

■ ■ We may concede the general rule that property rights are not involved in a suit for separate maintenance, and that they cannot be adjudicated in a divorce action if divorce is denied. But these are merely rules pertaining to the form of the action; they do not deny the wife's right to separate property, nor do they preclude her from asserting her rights in an appropriate form of action.

■ ■ Chapter 68, Ill. Rev. Stats. provides that a wife may contract, own property, receive, use and possess her own earnings, and may sue her husband for property belonging to her which he unlawfully obtained or retained. She may not sue him for her services, nor for a tort committed by him to her person. Except for the limitations last mentioned, her right to sue her husband is the same as her right against a stranger, and this is not "contrary to public policy" in this state. Brandt v. Keller, 413 Ill. 503.

■ The complaint in this case alleged, among other things, that plaintiff had acquired substantial savings before her marriage, and had continued to work and save afterwards; that certain items of property were purchased with her own money, and she had acquired other property; that defendant had ordered her out of their home; that he unlawfully retained all of her property and had converted the remainder of her money to his own use, and prayed judgment for the value of her property and money thus retained.

■ In our opinion the complaint is sufficient to state a cause of action. Doubtless it contained surplusage and other defects of form which could have been attacked by motion but were not. Since the complaint

is sufficient to state a cause of action, defects of form are cured by verdict. 30 I. L. P. Pleading, Sec. 239.

The defendant had first filed a motion for judgment on the pleadings. After that was overruled, he filed no other motion, but answered, admitting some allegations, but denying that he has unlawful possession of any of plaintiff's property, and denying her separate ownership. He also asserted that her money was used for family expense.

■ These issues of fact raised by the answer were subject to trial, but the raising of issues does not take away the sufficiency of the complaint. Defendant's brief in this court raised only questions of law, and the evidence was not included in his abstract. Thus we must hold that no issue of fact or question of evidence is presented by his appeal. The trial court had jurisdiction to hear the case, and the judgment is affirmed.

Judgment affirmed.

CULBERTSON, P. J. and BARDENS, J., concur.