**Martha L. Neal, Plaintiff-Appellee, v. Wayne T. Neal, Defendant-Appellant.**

**Gen. No. 10,424.**

Third District.
September 24, 1963.

J. E. Horsley of Craig & Craig, of Mattoon, for appellant.

Wheat, Hatch & Corazzo, of Champaign (Harold A. Baker, of counsel), for appellee.

ROETH, JUSTICE.

On June 14, 1961, plaintiff filed a praecipe for summons in the Circuit Court of Coles County for the commencement of a separate maintenance action against her husband, the defendant. Summons was issued the same day and personally served on the defendant, also on the same day. Also on June 14, 1961, plaintiff filed her verified petition for temporary custody of four minor children, ranging in age from 4 years to 11 years, for temporary support money for the children and temporary alimony for herself. Thereafter on June 29, 1961, plaintiff's petition came on for hearing after which a temporary order was entered. The order recites that both parties were present in open court at the hearing and each represented by counsel. In brief, the order awarded temporary custody of the minor children to plaintiff with certain spelled out visitation rights to defendant, and awarded her temporary support money for the children and alimony for herself in the amount of $600 per month plus payment by defendant of the monthly mortgage payments on the family home which plaintiff was to continue to occupy.

On August 18, 1961, plaintiff filed her complaint for separate maintenance, alleging that the parties were married in 1947 and lived together until May 16, 1961, on which date defendant, without cause, wilfully deserted plaintiff and moved out of their marital home; that the four children were living with her; that she was unemployed and had no property or income of her own; and that defendant was a licensed practicing physician well able to support plaintiff and the minor children. No answer was filed by the defendant and on November 10, 1961, he was defaulted and the Court then proceeded to hear evidence. The report of pro-

ceedings reveals that on this hearing the defendant was again represented by the same counsel who represented him on the hearing of June 29, 1961. Plaintiff testified in substance that in March, 1961, she and the defendant had marital difficulties and defendant left their home; that they commenced living together again in April, 1961, and that on May 16, 1961, defendant again moved out of the home; that during the time they lived together she conducted herself as a true wife and carried out her obligations to the defendant. She further testified that defendant's gross income was between $40,000 and $45,000 and that he paid income tax on $24,000. Plaintiff was cross-examined by defendant's counsel. This cross examination was limited to her testimony in chief as to defendant's income. It does reveal, however, that the temporary order above referred to was by agreement of the parties. Plaintiff's mother then testified on plaintiff's behalf. She testified, without objection, that the parties had not lived together since May 16, 1961; that she had visited in the home of the parties and was acquainted with their marital life and that plaintiff conducted herself in a proper way toward her husband and carried out her duties as a wife. Over objection of counsel for defendant, she further testified that she knew of no reason for the defendant leaving. Counsel for plaintiff then stated to the court that inasmuch as the defendant had filed no answer he moved for a decree of separate maintenance pro confesso, whereupon counsel for defendant informed the court that the decree had been submitted to him and it was approved as to form. The court then decreed a decree for separate maintenance and fixed the amount to be paid at $700 per month. The colloquy that followed between the court and counsel for defendant strongly indicates that this was an agreed amount. The written decree was thereupon signed. It would appear that the major differ-

ence between the temporary order and the final decree is that in the temporary order defendant was to pay $600 to plaintiff and in addition was to pay direct, the monthly mortgage installments and real and personal taxes, whereas in the final decree he was to pay $700 out of which plaintiff was to pay the monthly installments and real and personal taxes.

On December 8, 1961, defendant filed a motion to vacate the decree for separate maintenance. This motion was denied on February 6, 1962. Defendant then perfected this appeal to reverse the decree for separate maintenance of November 10, 1961. The only contention of counsel for defendant on this appeal is that the record does not show that plaintiff was without fault in the separation of the parties.

This appeal is not difficult of solution. In Bartlow v. Bartlow, 114 Ill App 604, this court said:

> "Ordinarily, in suits under the statute providing for separate maintenance, the wife leaves the husband, and the burden is cast upon her of showing that she had reasonable ground for leaving him. In this case the husband leaves the wife, and while the burden is still upon her to show that she is living separate and apart from her husband without her fault, *yet it is of a negative character. The most that she can be expected to show in the first instance is that she reasonably performed her duty as a wife, and then the burden is cast upon the husband to show that he had reasonable ground to leave her. . . ."* (Emphasis ours.)

This holding was followed in Crook v. Crook, 329 Ill App 588, 70 NE2d 209, by the First District Appellate Court.

In the case at bar the defendant was represented by able counsel from the very inception of the suit. Defendant did not see fit to answer the complaint which

111

charged that, without cause, he wilfully deserted plaintiff and which alleged that she was living separate and apart from defendant without any fault on her part. By the failure to answer and the subsequent default these allegations stand admitted by the defendant. Plaintiff's testimony, and that of her mother as heretofore detailed, which as noted was not objected to, bring the case at bar squarely within the holding in the Bartlow case. The record is barren of any showing by the defendant of reasonable ground or grounds for leaving her. There is no merit in this appeal.

Accordingly the decree of the Circuit Court of Coles County will be affirmed.

Affirmed.

REYNOLDS, PJ and CARROLL, J, concur.