**Florence A. Slaight, Plaintiff-Appellant, v. George C. Slaight, Defendant-Appellee.**

**Gen. No. 64–4.**

Second District.

June 17, 1964.

Spelman & Hebeisen, of West Chicago, for appellant.

Henry T. Synek, of Chicago, for appellee.

ABRAHAMSON, P. J.

The plaintiff has appealed from a decree entered by the Circuit Court of DuPage County dismissing her complaint for separate maintenance for want of equity.

Her complaint alleged the existence of grounds entitling her to relief in chancery under the statute, by reason of the defendant's abandonment of her and their children without fault on her part (Ill Rev Stats 1961, c 68, § 22). The defendant's answer denied the substantial allegations of the complaint, raising one affirmative defense, that of constructive desertion.

■ Where, as in the case at bar, the husband has left his wife and she seeks to secure separate maintenance, the burden rests upon her to show that she is living separate and apart from him without her fault. Neal v. Neal (1963), 43 Ill App2d 108, 192 NE2d 689.

However, the proof required is of a negative character and the most that she can be expected to establish is that she reasonably performed her duties as a wife. Bartlow v. Bartlow (1904), 114 Ill App 604. Thereupon the burden is cast upon him to show that he had reasonable grounds for leaving her. Crook v. Crook (1946), 329 Ill App 588, 70 NE2d 209.

The subject of what constitutes fault within the meaning of the statute has received the attention of Illinois Courts on a number of occasions. The leading case of Johnson v. Johnson (1888), 125 Ill 510, 16 NE 891, has this to say on the controversial subject of fault:

> The "fault" here meant and contemplated, is a voluntary consenting to the separation, or such failure of duty or misconduct on her part as "materially contributes to a disruption of the marital relation." If she leave the husband voluntarily, or by consent, or if her misconduct has materially induced the course of action on the part of the husband upon which she relies as justifying the separation, it is not without her fault, within the meaning of the law. No encouragement can be given to the living apart of husband and wife. The law and good of society alike forbid it. But a wife who is not herself in fault is not bound to live and cohabit with her husband if his conduct is such as to directly endanger her life, person or health, nor where the husband pursues a persistent, unjustifiable and wrongful course of conduct toward her, which will necessarily and inevitably render her life miserable, and living as his wife unendurable. Incompatibility of disposition, occasional ebullitions of passion, trivial difficulties, or slight moral obliquities, will not justify separation. If the husband voluntarily does

33

that which compels the wife to leave him, or justifies her in so doing, the inference may be justly drawn that he intended to produce that result, on the familiar principle that sane men usually mean to produce those results which naturally and legitimately flow from their actions. And if he so intended, her leaving him would, in the case put, be desertion on his part, and not by the wife.

The plaintiff's evidence in support of her complaint consisted of her testimony, that of a mutual friend of the parties, and her father's. It was to the effect that she and the defendant had resided in various cities because of his having been transferred from time to time; that three children were born of the marriage, the last of them on July 24, 1959; that the defendant came from Texas to West Chicago, Illinois, in August or September of 1962, and she followed with the children in December of 1962; that shortly thereafter the defendant's mother came to live with them, which caused some friction between them; that on or about January 4, 1963, the defendant, who had been working long hours, left her after they had been arguing for a week or so; that she did not order him out of the house; that in February or March of 1963, she packed his belongings and put them in a closet.

The mutual friend of the parties testified that she knew of her own knowledge that the plaintiff did not give the defendant any provocation to leave, but she did not know if the same could be said about the defendant. Although the father of the plaintiff testified, his evidence was largely hearsay and not of much probative value.

The defendant's testimony was largely devoted to establishing that the parties had not had sexual relations with the frequency which he desired; that her alleged sexual aberrations disappeared in 1957; that she was guilty of immodest conduct on one occasion

in 1961 when she removed the upper portion of her bathing suit in public during a drinking party; that the frequency of the disputes between the parties increased after their removal to West Chicago, Illinois; that she ordered him to leave their home then and on other occasions.

■ No authority has been supplied us, nor are we aware of any, which would justify a husband in leaving his wife and children because of the alleged infrequency of sexual relations. The general rule is that each spouse is entitled reasonably to have sexual relations with the other, but neither has the unquestioned right to relations contrary to the reasonable request of the other. 26 Am Jur, Husband and Wife, sec 7.

The alleged immodest conduct of the wife on a single occasion would at best reasonably justify an effort to conceal the exposed portion of her body, but certainly not constitute grounds for constructive desertion. But, if it could, it would have been condoned by the parties having cohabited together for a considerable period of time afterwards.

■ The increasing number of disputes after the parties' relocation in West Chicago, Illinois, were manifestly participated in by both parties, who were equally at fault, among the causes of which were the long hours that the defendant was working, and the presence of a mother-in-law in their place of residence. If during such an argument the plaintiff did request the defendant to leave their home, this could not be regarded as a command to do so, and certainly would not be regarded as constituting such fault on her part so as to defeat her cause of action.

In 1956 this court ruled that repeated orders to leave the parties' residence, together with a threat to call the sheriff to have him removed forcibly, were sufficient justification for the husband leaving and subsequently obtaining a divorce on the ground of deser-

tion. Jeffers v. Jeffers (1956), 9 Ill App2d 572, 133 NE2d 727. The case at bar is clearly distinguishable, factually, from the Jeffers case.

We are aware of the rule that the findings of the chancellor will not be disturbed unless manifestly against the weight of the evidence. However, the force of this rule is largely dissipated, where, as in the case at bar, there is no substantial conflict in the admissible facts. Gilbert v. Chicago Title & Trust Co. (1956), 7 Ill2d 496, 131 NE2d 1. The decree of the trial court is accordingly reversed and remanded with directions to vacate the order of dismissal, enter a decree in accordance with the prayer of the complaint, and proceed in conformity with the views expressed in this decision.

Reversed and remanded with directions.

CARROLL and MORAN, JJ., concur.