Margaret L. David, Plaintiff-Appellant, v. Joseph David, et al., Defendants-Appellees.

Gen. No. 66–18.

Second District.

December 30, 1966.

Gordon Moffett, of Wheaton, and Eva R. Pollack, of Downers Grove, for appellant.

Alan C. Hultman, of Downers Grove, for appellees.

MR. JUSTICE RATHJE delivered the opinion of the court.

This is an appeal from orders of the Circuit Court of the 18th Judicial Circuit, DuPage County, entered on December 1, 1965, that dismissed Dolores Black as a party defendant and dismissed the plaintiff-appellant's (hereinafter called the wife) complaint for separate maintenance for want of equity and dissolved a temporary injunction.

██ Dolores Black is the daughter of the appellee, Joseph David (hereinafter called the husband), and was improperly brought into the suit. The complaint charged that Dolores was holding certain assets belonging to the husband and requested that she be enjoined from disposing of them. A determination of that question would inevitably involve an adjudication of the property rights of the parties and was beyond the scope of the court in a separate maintenance action. Boker v. Boker, 17 Ill App 2d 260, 149 NE2d 774. The order that dismissed her from the suit was clearly proper and we will not concern ourselves further with that portion of the appeal.

The record discloses an unhappy, if relatively brief, marital history. The parties were married in Las Vegas, Nevada, in November, 1955. It was a second marriage for both parties and each had grown children from their first marriage, but none from the second. Apparently the husband left the wife on several occasions during their first seven years of marriage but returned after short absences. In November, 1962, he filed a divorce action against the wife in the Circuit Court of DuPage County alleging various acts of physical cruelty on her part. The wife answered his complaint, denied the allegations, and asserted that, in fact, he was guilty of extreme and repeated cruelty to her on several specified, occasions, but did not seek any particular relief. A contested trial in that matter was concluded on November 20, 1963, and

450

the court dismissed the husband's complaint for want of equity.

On December 6, 1963, the husband left the marital home in Downers Grove and established his residence in Nevada. On January 22, 1964, he filed a complaint for divorce in that State for mental cruelty; obtained jurisdiction by publication; and was awarded a decree of divorce on February 19, 1964, by default.

In the meantime, the wife had commenced the instant separate maintenance action in DuPage County on January 23, 1964, with her complaint that alleged that she was living separate and apart through no fault on her part since December 6, 1963, and that she was in need of support.

The complaint also alleged the acts of cruelty on the part of the husband that she had included in her answer to his earlier action for divorce.

The husband filed a special appearance in the separate maintenance action on March 9, 1964, to object to the jurisdiction of the court in view of the Nevada divorce decree. The court, on June 23, 1964, ordered that the Nevada decree "be denied full faith and credit in this court for the reason that defendant herein did not disclose to the Nevada Court the previous unsuccessful action for divorce in Illinois." Accordingly, the husband, on June 30, 1964, filed his answer to the complaint of his wife that denied most of her allegations and repeated his allegations of cruelty that were originally contained in his complaint for divorce that had been dismissed.

The wife promptly filed her motion for Summary Judgment pursuant to section 57 of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 57), supported by her affidavit. The husband filed a counteraffidavit that set forth particular facts that, in his opinion, forced him to leave the marital home on December 6, 1963. The wife then moved to strike the counteraffidavit on the grounds that it failed to comply with Supreme Court Rule 15. (Ill Rev Stats

1965, c 110, § 101.15.) On January 5, 1965, the motions for Summary Judgment and to strike the counteraffidavit were denied and the wife, on January 19, filed her Notice of Appeal to this court. On October 13, 1965, we dismissed the appeal on the grounds that the order appealed from was not final and appealable.

■■■ Although it is a moot point at this juncture, the order that denied the motion for Summary Judgment was not in error. The pleadings at that point were at issue on an essential element in a separate maintenance suit. The wife had alleged, as she must in such a suit, that she lived separate and apart from her husband through no fault on her part. The husband's answer denied that allegation. The burden was then on the wife to establish, by a preponderance of the evidence, that the separation was without her fault. We feel a material fact was at issue at that point and it was not a proper occasion for the use of the device of summary judgment.

The matter proceeded to trial on December 1, 1965. The wife testified that she had treated her husband "as a good wife"; that she did the cooking, housework and helped with the garden work. She also stated that her husband, on November 27, 1963, "pounded" on her bedroom door and that she shouted "Help" from the window until the police were summoned by neighbors. On December 6, 1963, her husband, with no prior notice to her, left.

On cross-examination, the wife admitted that she cooked breakfast for her husband only "infrequently"; she was seldom home at night; that she turned off the television set while her husband viewed it; that she interrupted and retained his mail; and that she obtained an injunction to keep him out of the house when he sought to return in April, 1964.

The husband testified as an adverse witness pursuant to Rule 60 of the Supreme Court rules. He stated that his wife pushed him out of the kitchen when he attempted to prepare his meals; that she did not clean his room for

"two or three years"; and that she rebuffed his attempts to establish a reconciliation. The other witnesses that testified could only relate the fact of the separation and had nothing to add of probative value as to the conduct of the parties. The court sustained the motion of the husband to dismiss the cause at the completion of the wife's evidence.

In order to prevail in a separate maintenance action, it is essential that the plaintiff establish the fact that the parties are living separate and apart without fault on the part of the complaining party. Ill Rev Stats 1965, c 68, § 22; Neal v. Neal, 43 Ill App2d 108, 192 NE2d 689.

The fault that would preclude relief for the complainant has been variously described as voluntary consent to the separation or a course of conduct that itself materially contributes to the destruction of the marital relation. Johnson v. Johnson, 125 Ill 510, 16 NE 891; Elston v. Elston, 344 Ill App 233, 100 NE2d 635. It is not necessary that the conduct be itself a basis for a divorce by the other party for it to be fault in this sense. Strandquist v. Strandquist, 22 Ill App2d 107, 159 NE2d 513. At the least, it is incumbent that the plaintiff establish a reasonable performance of the duties of marriage. Slaight v. Slaight, 50 Ill App2d 31, 199 NE2d 650.

Although the testimony is in conflict, we cannot say that the order of December 1, 1965, was against the manifest weight of the evidence. There is evidence that the wife failed in her performance of those elementary duties so necessary to hold a marriage intact. It is also evident that she, by her own act, prevented his return to the marital home when he sought to do so and that she frequently discouraged his efforts at reconciliation.

The trial court was in a unique position to hear the testimony, observe the witnesses, and evaluate the evidence. It is well established that under those circumstances a court of review will affirm its factual deter-

453

minations unless they are against the manifest weight of the evidence.

For the reasons given, the order of dismissal of the trial court will be affirmed.

Affirmed.

MORAN and DAVIS, JJ., concur.