GERALD A. HEINZ, Plaintiff and Counterdefendant-Appellee, Cross-Appellant, *v.* PAULA A. HEINZ, Defendant and Counterplaintiff-Appellant, Cross-Appellee.

(No. 73-378;

Second District (2nd Division)—November 13, 1975.

Charles C. Ricci, of Ricci & Lascaro, of Wood Dale, and Sidney Z. Karasik, of Chicago, for appellant.

Donovan, Atten, Mountcastle, Roberts & Da Rosa, of Wheaton, for appellee.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

Plaintiff (husband) filed suit for divorce, and defendant (wife) filed her answer and counterclaim for separate maintenance, to which the husband filed answer. Following a bench trial on the complaint and counterclaim the wife was given leave to file her amended counterclaim for separate maintenance (to which husband filed answer) and the trial court dismissed both the husband's suit for divorce and the wife's counterclaim for separate maintenance. At a subsequent hearing on the

wife's petition the court made an allowance to her of $4,000 for attorney's fees and $975 for costs. The wife appeals from the dismissal of her counterclaim and the husband cross appeals from the allowance of attorney's fees.[1]

The issues presented are (1) whether the dismissal of the wife's counterclaim was contrary to the manifest weight of the evidence and (2) whether the trial court's allowance of attorney's fees to the wife was reasonable.

The parties were married in 1955 and separated in 1968. They had four children, the oldest of whom was 18 years old at the time of trial. The husband's suit for divorce was filed in June, 1971, alleging, among other things, that his wife made his life unbearable and placed him in fear of his physical well being to the extent that he left the marital home. The wife's answer denied its material allegations and she filed her counterclaim for separate maintenance. Her counterclaim alleged in substance that her husband over a period of years treated her in an abusive and humiliating manner so that life with him became miserable and unendurable, and that their separation in 1968 was without fault on her part. In his answer thereto the husband denied the material allegations of the counterclaim.

The transcript of proceedings covering the trial consists of well over 200 pages, mostly filled with the lamentable details of what appears to have been a very unhappy marriage from the very beginning. It would serve no useful purpose for us to comment on the evidence at any considerable length. Much of it is in substantial conflict. As to that which is conflicting it will be sufficient to state that the trial judge had the witnesses before him, that he had an opportunity to observe them and their demeanor, and to judge the credibility of their testimony. It is well established that in such cases a reviewing court will not disturb a decree entered by the trial judge unless it is contrary to the manifest weight of the evidence. *Columbia Theatre Amusement Co. v. Adsit*, 211 Ill. 122, 125; *David v. David*, 77 Ill.App.2d 448, 453; *Motykowski v. Motykowski*, 4 Ill.App.3d 957; *Sharpe v. Sharpe*, 9 Ill.App.3d 667, 671; *Hoffmann v. Hoffmann*, 40 Ill.2d 344, 349.

■■ In order to prevail in a suit for separate maintenance the complaining party is required to establish that the parties are living separate and apart without fault on the part of the party seeking such relief. (Ill. Rev. Stat. 1973, ch. 68, par. 22; *Neal v. Neal*, 43 Ill.App.2d 108, 112; *Strand-*

---

[1] Husband's notice of appeal included appeal from the dismissal of his complaint for divorce, but no argument is made on this point, and in any event, this court agrees with the trial court that the grounds alleged were not proven.

*quist v. Strandquist,* 22 Ill.App.2d 107, 113; *David v. David,* 77 Ill.App.2d 448, 453.) In *Umlauf v. Umlauf,* 117 Ill. 580, 585, the court, in referring to the Illinois statute on separate maintenance, said:

> "The statute authorizing actions for separate maintenance was adopted for the exclusive benefit of those whose conduct has not materially contributed to a disruption of the marital relations. If the wife, therefore, in bringing a suit of this kind, is not prepared to show that she is without fault, she will fail to bring herself within the statute, and must necessarily be defeated in her action." (117 Ill. 580, 585.)

At the least, the complaining party must establish a reasonable performance of the marital duties. *Slaight v. Slaight,* 50 Ill.App.2d 31.

In the case at bar the trial court, after hearing all of the evidence, said:

> "I have gone over it rather carefully. Unfortunately the law of the State of Illinois is such that in order for any party to prevail, either for separate maintenance or for divorce, it is necessary to establish fault on the part of the opposite spouse and also to establish, * * * reasonably, freedom from fault on the part of the party seeking either the divorce or separate maintenance.
>
> * * *
>
> * * * I don't think the plaintiff has proved grounds for divorce on the basis of mental cruelty.
>
> Likewise, I don't think the defendant has proved in her counterclaim that she is reasonably free from fault, so I guess what the Court will do is to sign an order dismissing the plaintiff's case for divorce and dismissing the counter-plaintiff's counterclaim for separate maintenance, and I guess it is up to the attorneys and the parties to go hence from that point."

■■ Thus, it is clear from the foregoing that the trial court found that the wife was not without fault, and that the husband had just provocation for leaving. Our review of the record confirms that she engaged in a course of conduct which alienated her husband and culminated in his leaving the marital home. It follows, therefore, that we hold that the trial court's judgment dismissing the wife's complaint for separate maintenance was not against the manifest weight of the evidence.

We next consider the husband's contention on his cross-appeal that the trial court erred in allowing the wife $4,000 as attorney's fees. It was stipulated in the trial court that the husband was financially able to pay a reasonable fee. The husband originated this action. Therefore, it was necessary for the wife to defend and if the circumstances so warrant

she should be entitled to reasonable attorney's fees. The petition filed by the wife (and her counsel) requested $6,000 and itemized 138.5 hours of time spent. The wife's attorney testified as to the services he performed in this litigation in accordance with the itemized schedule of his services attached to his petition, and was cross-examined diligently by counsel for the husband.

The wife testified as to her income that she was receiving from her husband $90 per month for her support and $100 per week for the support of the children, and that she received from part-time work about $53 twice a month. Further, that other than a checking account balance of $600 and some uncashed checks which she had recently received from her husband, and a 1969 Ford, she had no other assets. On cross-examination she testified that she had had $5,000 in a savings account but that account was closed and the money expended in payment of bills and for the purchase of furniture she needed.

■■ The trial court in considering the application for the allowance of attorney's fees observed that the husband's financial condition was better than the wife's and that on the basis of the necessary services performed, an allowance of $4,000 was reasonable and customary. It has long been established that the allowance of attorney's fees rests in the sound discretion of the trial court which will not be interfered with unless such discretion has been abused. (*Ylonen v. Ylonen*, 2 Ill.2d 111, 121; *Canady v. Canady*, 30 Ill.2d 440.) We are unable to say that there has been any abuse of such discretion here.

Therefore, the judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

T. MORAN and DIXON, JJ., concur.