(No. 28981.—

LOUIS SLEZAK, Appellant, *vs.* MARY F. FLEMING, Appellee.

*Opinion filed January 23, 1946.*

EARL J. WALKER, of Chicago, for appellant.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an action for enforcement of a contract for sale of real estate. Appellant, Louis Slezak, who is the assignee of one Raymond Evans, named as vendee in the contract, filed his complaint in the superior court of Cook county for specific performance of that contract, alleging he was ready, willing and able to carry out the purchaser's part of it. The defendant, Mary Fleming, did not file an answer to the complaint but filed a cross complaint, to which plaintiff did not file an answer. In this cross complaint she set up that she had entered into this contract for sale of the premises for a cash price of $7000; that she had requested, asked and demanded of the vendee and

his attorney, that they complete the contract, but they had not done so, and on October 19, 1944, she tendered to the attorney for the appellant her warranty deed and guaranty title policy, but they did not put up the purchase price; that she again, in open court, tendered to the attorney for appellant a deed and guaranty policy, but the attorney made no tender or offer to purchase; that again on October 30, 1944, she made tender of deed and title policy. She alleges that, having done all that was required of her to complete the provisions of the contract and, at the time she filed her cross complaint, having a cash buyer for the premises for $7000, the opportunity to sell may be lost if the contract is not cancelled, and she prays the cancellation of the contract. She also filed a motion to dismiss the original complaint.

In this state of the record, hearing of evidence was had on defendant's motion to dismiss. Both parties participated without objection concerning the condition of the record. The court decreed that the contract be cancelled and set aside and the cause dismissed.

The appellant bases his complaint upon two principal grounds. One is that the trial court erred by proceeding to trial without an answer being filed to the complaint. The other complaint is that the court was not justified, from the evidence and the contract, in cancelling the contract because of failure on the part of plaintiff to complete the sale, since plaintiff was entitled to have ten days after presentation of title papers to determine if the title was merchantable, and fifteen days to close the deal.

So far as the first objection is concerned, the parties, by voluntarily and without objection offering evidence in the condition of the record, without demanding answers to the complaint or the cross complaint, waived any objection, if such they had, to such condition of the record.

The evidence shows that counsel for Mary Fleming, during the taking of testimony, offered counsel for plain-

tiff a statutory warranty deed together with a policy of title brought to within a few months of the date of the hearing. Upon counsel for plaintiff objecting that they wanted a policy later than that one, that is, one brought down to date, counsel for Mary Fleming stated: "It will be brought down to date after you show you have the money." The contract provided that the seller should, "within fifteen days, furnish a merchantable abstract of title or Chicago Title & Trust Company guaranty policy, and further that when said title papers have been furnished, the buyer shall close the deal within ten days if the title is merchantable" etc. It is clear from this record there has not been brought down to the date of the contract, or of the hearing, a title policy. The only tender that was made was of a deed and title policy brought down within a few months of the hearing, with a demand upon its production that plaintiff pay over the cash. This is not what the contract called for. The deed and policy were to be tendered and within ten days thereafter the buyer was to pay the purchase price. Nothing in the contract required him to put up the purchase price prior to the tender of the title policy.

The contract in clear and unmistakable terms provides that appellee shall, before appellant is required to make a further payment, deliver to him a title letter or guaranty policy of the Chicago Title & Trust Company showing a merchantable title in appellee at the date of the contract September 19, 1944. This appellee admits, by her motion to dismiss, that she failed to do. Instead she sought to comply with her part of the contract by tendering a guaranty policy dated July 31, 1944, guaranteeing the title of Mary F. Tothill (now Mary F. Fleming) and a warranty deed in which there was no name of the grantee. Even though that tender were sufficient and the guaranty policy had been dated on the date of the contract and the warranty deed and were complete and sufficient to convey the title

to appellant under the terms of the contract, appellant had the time specified in the contract in which to accept the deed and pay the balance of the purchase price. The court cannot make a new contract for the parties. Our holding is that appellee's motion was not well founded and the chancellor erred in sustaining the motion and in dismissing the complaint.

The decree of the superior court is reversed and the cause remanded to that court, with instructions to overrule the motion to dismiss, with leave to file answers to the complaint and cross complaint if the parties be so advised.

*Reversed and remanded, with directions.*