**Arnold S. Williamsen, Plaintiff-Appellee, v. Paul F. Jernberg, Defendant-Appellant.**

Gen. No. 52,080.

First District, First Division.

September 16, 1968.

Robert L. Phee, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Van Duzer, Gershon, Jordan & Petersen, of Chicago (Horace W. Jordan and Warren G. Petersen, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

In this action judgment was entered by confession in the Circuit Court on behalf of plaintiff, Arnold S. Williamsen, against defendant, Paul F. Jernberg, on a judgment note in the amount of $9,070.78, which included the principal sum of $7,500, interest in the amount of $1,113.28, and $457.50 in attorney's fees. Upon petition by defendant the judgment was vacated, and after a trial without a jury, the Court entered judgment for plaintiff, from which this appeal is taken. No questions are raised on the pleadings.

The sole issue presented before us on review is whether the consideration for the note was illegal, thereby rendering the instrument unenforceable.

We summarize the evidence. Plaintiff, a carpenter subcontractor, was employed on a construction project by

C. R. Jernberg & Associates, Inc., general contractors. Pursuant to such employment, the general contractor became obligated to plaintiff in the sum of $20,205 for carpentry labor and materials supplied on the project. The defendant's brother, C. R. Jernberg, Jr., induced plaintiff to execute a waiver of his mechanic's lien, and was authorized by plaintiff to act as his agent in the collection of the money due him from the project owner. C. R. Jernberg, Jr. delivered the mechanic's lien waiver to the owner of the project and collected the funds. However, instead of turning the money over to the plaintiff, he pocketed same and departed from the jurisdiction. Plaintiff then filed civil actions in the Circuit Courts of Cook and DuPage Counties against C. R. Jernberg & Associates, Inc., and effected recovery of $12,527.10, leaving a balance of $7,677.90, still owing to plaintiff. It appears from the record that Williamsen filed a sworn criminal complaint alleging fraud, deceit and larceny by bailee against Jernberg, who was subsequently extradited from California and brought to stand trial in the Criminal Court of Cook County.

On April 14, 1961, the case of the People of the State of Illinois v. C. R. Jernberg, came on for preliminary hearing in the Criminal Court of Cook County. When the case was called a group composed of Williamsen, the latter's attorney, Warren G. Petersen, Paul F. Jernberg, two creditors of C. R. Jernberg, Jr., William Torok and a Mr. Shutkus, and Robert Phee, attorney for C. R. Jernberg, Jr., stepped forward and asked the judge to "pass the case" temporarily. Thereafter, the group went out into the corridor immediately adjacent to the courtroom. During the ensuing discussion the case was called several times for trial and was held over on the call at the group's request.

The plaintiff testified that while the group was in the corridor the defendant told him that if he would drop the civil and criminal actions against his brother, "He would

sign a note to guarantee his brother paying me the amount so specified in the note." Williamsen further testified that following this discussion the defendant signed the note in question.

William Torok testified that during the conversation in the corridor the plaintiff agreed to drop the criminal prosecution against C. R. Jernberg, Jr., upon the defendant's agreeing to "assure" payment of the debt owed by signing a judgment note. Torok further testified that the members of the group also discussed a plan whereby the defendant would proceed with his brother to California for the purpose of obtaining certain funds owed there to C. R. Jernberg, Jr.

The defendant testified that in response to a promise by the plaintiff to drop the criminal prosecution against his brother, he agreed to sign the note. He further testified that there was an understanding at the time of the signing that his sole obligation under the note was to go to California to make sure that certain monies there owing to his brother would be assigned to the creditors in the group; and that he hadn't promised to guarantee his brother's debts.

Warren G. Petersen testified that the defendant said to him, "If you will advise your client not to press his suits in the Circuit Court I will promise that I will do everything possible to get your client his money; I will sign a note and promise that I will pay it if he doesn't."

Robert Phee testified that the defendant agreed to sign the note in response to a promise that the criminal charges against his brother would be dropped. He further testified that after the defendant had signed the note the group walked back into the courtroom and told the judge that the matter in controversy had been compromised and they wished to withdraw the complaint; whereupon their request was granted and C. R. Jernberg, Jr. was freed for want of prosecution.

374

■ The universal rule, followed in Illinois, is that "compounding a crime being itself criminal, an agreement not to prosecute is void, not only because it is against the policy of the law, but also because the agreement is itself a crime. . . ." 17 CJS, Contracts, § 228, p 1067. Therefore, where the consideration for the execution of a note is a promise by the payee not to prosecute a party for an alleged crime, the consideration for the note is illegal and the instrument is void. Dionne v. Matzenbaugh, 49 Ill App 527. Where any part of the consideration for a contractual obligation executed to compromise civil injuries resulting from a criminal act is a promise that the prosecution for the criminal act shall be suppressed, the contract is unenforceable. Henderson v. Victor, 268 Ill App 514; Good Hope State Bank v. Kline, 303 Ill App 381, 25 NE2d 425.

In the case at bar, the evidence is contradictory as to whether part of the consideration for the execution of debts by signing the note; it is also contradictory as to whether part of the consideration for the execution of the note was a promise by plaintiff to drop the civil suits then pending against C. R. Jernberg, Jr. It is uncontradicted, however, that the note was executed outside the courtroom in which C. R. Jernberg, Jr. was about to be tried on a complaint sworn out by plaintiff; that the case was delayed on the call during the conversation that led to the signing of the note; and that the criminal action was dismissed at the request of plaintiff, among others, after the instrument had been signed by defendant. Furthermore, the testimony as to what transpired in the corridor was overwhelmingly to the effect that the prime factor in inducing defendant to sign the note was plaintiff's promise to drop the criminal prosecution against C. R. Jernberg, Jr.

■ Having given, as we must, all proper weight to the testimony, and having in mind that the trial court

375

had the advantage of observing and hearing the witnesses, we find, after a careful review of the testimony, that the manifest weight of the evidence does not support the conclusion of the trial judge. We are impelled to believe that the circumstances surrounding the execution of the note establish that the consideration for said execution was an agreement not to prosecute the criminal action then pending against defendant's brother. On the basis of the authority previously cited, we conclude that such an agreement renders the note void and unenforceable.

We cannot agree with plaintiff that Oconto Nat. Bank v. Weber, 240 Ill App 222, "is squarely in point." In that case one Hazler cashed a check at plaintiff bank which was drawn on another bank in which he had no funds, and he was subsequently arrested. A conference was held between representatives of the bank and the defendants, relatives of Hazler, at which time the defendants signed a judgment note made payable to the bank for the full amount owed to it by Hazler, and the latter individual conveyed to his relatives his undivided interest in certain lands. We note that the court in Oconto stated that if any part of the consideration for a contract is a promise, express or implied, to stifle a criminal prosecution, the contract is invalid. The court concluded, however, that the facts before it did not present such a situation and reversed judgment for defendants. In Oconto the evidence did not show that the bank promised to stifle the criminal prosecution against Hazler in return for the execution of a note by defendants; rather, it demonstrated a pure financial transaction whereby defendants received from Hazler an interest in certain lands, and in consideration therefore, executed a note to the bank for the amount of Hazler's debt. In the case at bar, however, the evidence was overwhelming that the agreement by C. R. Jernberg's creditors to drop the prosecution then

pending against him was the prime factor in inducing defendant to sign the note. We conclude, therefore, that Oconto is factually inapplicable to the instant case.

For the foregoing reasons the judgment of the Circuit Court is reversed and the cause is remanded to that court with directions to enter judgment in favor of the defendant.

Reversed and remanded with directions.

ADESKO and MURPHY, JJ., concur.