ELLEN LUCILLE WILLIAMS, Plaintiff-Appellant, *v.* ERNIE HERSCHEL WILLIAMS, Defendant-Appellee.

(No. 71-183; ▮▮▮▮▮▮▮▮▮▮▮)

Fifth District—March 21, 1972.

Burnside, Dees & Johnston, of Vandalia, for appellant.

Strubinger & Keller, of Belleville, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from the decision of the trial court denying Ellen Lucille Williams a divorce from Defendant Ernie Herschel Williams.

Plaintiff sued her husband for divorce charging habitual drunkenness and extreme physical cruelty and sought custody of their five minor children. The Defendant denied the Plaintiff's allegations and cross-complained for divorce charging her with mental cruelty and later amended his complaint to include adultery. Defendant also sought custody of the children.

The trial court found the Defendant guilty of extreme and repeated physical cruelty, but not guilty of habitual drunkenness. The trial court found the Plaintiff guilty of adultery. The court then denied the Plaintiff a divorce because of her adultery and denied the defendant a divorce because of his extreme and repeated physical cruelty. Only Plaintiff has appealed.

▮ The amendment of the counterclaim was a general charge of adultery and was insufficient by reason of lack of specificity. (See *Field v. Field*, 319 Ill. 268, 270.) Furthermore, adultery was not pleaded as an affirmative defense of recrimination. See Ill. Rev. Stat. 1969, ch. 40,

par. 9a, *Stanard v. Stanard,* 108 Ill.App.2d 240, *Hayes v. Hayes,* 117 Ill.App.2d 211.

██ However, the determination of adultery in this case was apparently based upon the findings in another divorce case. The Plaintiff in that case received a divorce because of the alleged adultery between her husband and Ellen Williams. It was error for the trial court to consider the findings in that proceeding since neither party here involved was a party to that case. Without this evidence the finding that the Plaintiff was guilty of adultery was against the manifest weight of the evidence.

The case is reversed and remanded to the Circuit Court of Fayette County with instructions to grant Ellen Williams a divorce and to determine custody and support.

Reversed and remanded.

G. MORAN, P. J., and EBERSPACHER, J., concur.