2023 IL App (1st) 211162-U

No. 1-21-1162

Second Division
March 14, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

|  |  |  |
|---|---|---|
| | ) | Appeal from the |
| *In re* MARRIAGE OF: | ) | Circuit Court of |
| | ) | Cook County. |
| GELU SALVETIU, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | No. 18 D 3513 |
| | ) | |
| and | ) | |
| | ) | |
| SIMONA SALVETIU, | ) | Honorable |
| | ) | Naomi Schuster, |
| Respondent-Appellee. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court's dissolution of marriage judgment awarding maintenance was not void for lack of jurisdiction and is presumed proper where petitioner failed to file complete record on appeal.

¶ 2    Petitioner-appellant Gelu Salvetiu (Gelu) appeals from the trial court's May 17, 2021 dissolution of marriage judgment (dissolution judgment). In the order, the trial court awarded respondent-appellee Simona Salvetiu (Simona) with 164 months of maintenance payments in the

amount of $890 per month. On appeal, Gelu argues that the trial court's judgment as to maintenance was void for lack of jurisdiction and, in the alternative, the trial court abused its discretion in its award of maintenance. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Preliminarily, we note that no report of proceedings nor an acceptable substitute was filed in this appeal. See Ill. S. Ct. R. 321 (eff. Feb. 1, 1994); Ill. S. Ct. R. 323 (eff. July 1, 2017). We further note, as we much too frequently must, the burden is on the appellant to provide a complete record on appeal. *Foutch v. O'Bryant*, 99 Ill. 2d 389-391-92 (1984). Any doubt arising from the incompleteness will be resolved against the appellant. *Id.* at 392. We indicate in this section where relevant transcripts were not provided.

¶ 5     Gelu and Simona were married on September 6, 2003, in Craiova, Romania. They have one child together, Diana (born April 18, 2007). On April 23, 2018, Simona relocated to Romania.

¶ 6     On April 30, 2018, Gelu filed a petition for dissolution of marriage, requesting that parental responsibilities of Diana be allocated solely to him (Gelu). Attached to the petition was a declaration document signed by both parties, in which Simona agreed to give Gelu sole custody of Diana. On June 5, 2018, Simona was served by a special process server. Her attorney subsequently filed an appearance, and Simona returned to the United States, attempting to reconcile with Gelu. Gelu motioned to voluntarily dismiss the petition, which the court granted on July 18, 2018.

¶ 7     On September 1, 2018, Simona took Diana to Romania. Subsequently, Gelu discovered that Simona had filed and was pursuing a divorce action in Romania.

¶ 8    On September 26, 2018, Gelu filed a petition to vacate the dismissal order and reinstate the action. On March 11, 2019, following an evidentiary hearing, the court granted Gelu's motion to vacate and reinstated the action, finding that Simona had engaged in material misrepresentation.[1]

¶ 9    The parties then filed a number of motions related to the allocation of parental rights, temporary child support, and Diana's place of residence. A hearing was held in November 2020.[2] On December 3, 2020, the court entered a parenting allocation judgment, awarding Simona sole decision-making power for Diana and allowing Diana to reside primarily with Simona in Romania.

¶ 10    According to the record, a number of status hearings followed, although we do not have transcripts from those hearings.

¶ 11    Later, the court entered an order setting the matter for trial on March 31, 2021, "on the issues of property disposition, maintenance, child support, and responsibility for college expenses of the minor child."

¶ 12    According to Gelu's brief, a trial was held on March 31, 2021. However, there is no transcript or acceptable substitute in the record regarding this proceeding. On the day of trial, the court entered an order directing the parties to submit proposed draft judgments "[c]ontaining proposed findings of fact and proposed adjudication on the merits."

¶ 13    On May 17, 2021, the trial court entered the dissolution judgment. Therein, the court ordered, *inter alia*, that Gelu make maintenance payments to Simona in the amount of $890 per month for a term of 164 months.

---

[1] The transcript from this hearing was included in the record as an exhibit to one of Simona's motions.

[2] The transcript for this hearing does not appear in the record.

¶ 14    On June 16, 2021, Gelu filed a motion to vacate, modify, or reconsider the dissolution judgment, in which he challenged the trial court's maintenance award. In particular, he asserted that the trial court did not consider all of the necessary statutory factors, the judgment contained mathematical errors, and Simona failed to satisfy her burden of proof. Gelu also argued that the judgment is void at least as to the maintenance award because Simona never filed a pleading requesting spousal support. In response to that argument, Simona asserted that the Illinois Marriage and Dissolution of Marriage Act (the Act) confers upon the trial court jurisdiction over the action and "the issue of maintenance is, per statute, a justiciable issue in an action for dissolution of marriage."

¶ 15    On August 17, 2021, the trial court denied Gelu's motion, and Gelu timely filed this appeal.

¶ 16    We note that Simona failed to file a responsive brief. On November 21, 2022, this court entered an order taking the case on the record and appellant's brief only. Thus, we consider appellant's appeal without the benefit of appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 17                                    II. ANALYSIS

¶ 18    Gelu first argues that the dissolution judgment is void in regards to the maintenance award. He asserts that during the three years of litigation in this action, Simona never filed a pleading requesting spousal support and therefore the court was without jurisdiction to award maintenance. For support, he relies on *In re Marriage of Fox*, 191 Ill. App. 3d 514 (1989), and *Suriano v. Lafeber*, 386 Ill. App. 3d 490 (2008).

¶ 19    Circuit courts have "original jurisdiction of all justiciable matters" with only limited exceptions." Ill. Const. 1970, art. VI, § 9. A "justiciable matter" is "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching

upon the legal relations of parties having adverse legal interests." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 325, 335 (2002). The court's authority to exercise its jurisdiction is invoked through the filing of a complaint or petition, which frames the issues for the trial court and defines the relief the court is empowered to order. *Ligon v. Williams*, 264 Ill. App. 3d 701, 707 (1994). "[W]here no justiciable issue is presented to the court through proper pleadings, the court cannot adjudicate the issue *sua sponte*." *Id.* If jurisdiction is lacking, any subsequent judgment or order is rendered void and may be attacked directly or collaterally at any time. *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 38. Whether a circuit court has subject matter jurisdiction presents a question of law subject to *de novo* review. *McCormick v. Robertson*, 2015 IL 118230, ¶ 18.

¶ 20     We reject Gelu's argument for two reasons. First, the trial court did not exceed its authority in awarding maintenance. "The authority of a circuit court to act in dissolution of marriage cases is conferred only by statute." *In re Marriage of Rhodes*, 326 Ill. App. 3d 386, 388 (2001). An award of maintenance upon the filing of a petition for dissolution of marriage is statutorily authorized under two separate provisions of the Act (750 ILCS 5/401(b), 504(a) (West 2020)). Section 401(b) requires that, prior to entering a judgment for dissolution of marriage, the trial court must consider, approve, reserve, or make provision for "the allocation of parental responsibilities, the support of any child of the marriage entitled to support, the maintenance of either spouse and the disposition of property." 750 ILCS 5/401(b) (West 2020). Section 504(a) additionally provides: "In a proceeding for dissolution of marriage, *** the court may grant a maintenance award for either spouse in amounts and for periods of time as the court deems just[.]" 750 ILCS 5/504(a) (West 2020). We further point out that there is no explicit requirement under the Act for a separate and individual petition for maintenance, not to be confused with a petition for modification of maintenance, which is distinct.

¶ 21    We find *In re Marriage of Hochleutner*, 260 Ill. App. 3d 684 (1994), instructive here. There, the petitioner's petition for dissolution of marriage requested that the respondent be barred from any maintenance and also "for such other and further or different relief the Court may deem just." *Id.* at 685. Following a hearing, the trial court awarded maintenance to the respondent. *Id.* at 688. On appeal, the petitioner claimed that, because the respondent did not request maintenance, the issue was never raised, and he did not have notice to challenge such an award, the trial court exceeded its authority in granting maintenance. *Id.* at 689.

¶ 22    This court, in noting that the Act authorizes a trial court to award maintenance, held that the petitioner's failure to request maintenance "did not divest the trial court of its statutory jurisdiction to award maintenance where the issue was raised in the petition for dissolution, the parties were properly before the court, and an evidentiary hearing was conducted on the matter." *Id.* at 689-90. The court further pointed out that the petition contained a general prayer for relief, evidence was presented at the hearing on the parties' incomes, financial resources, and their financial needs, and a specific pleading was not required under the circumstances. *Id.* at 690-91. Finally, the court stated: "In a marriage dissolution proceeding, where the statute authorizes an award of maintenance under just or equitable terms, all that is required to sustain the award is that the recipient be entitled to it and the award be equitable." *Id.* at 691.

¶ 23    We recognize that, contrary to *Hochleutner*, neither Gelu's petition nor Simona's answer expressly requested a ruling on maintenance. However, Illinois courts have long recognized that a court's judgment may be upheld if there was a general prayer for relief and the judgment was supported by the evidence. *Id.* at 689 (citing *Doyle v. Doyle*, 268 Ill. 96, 102 (1915)). Both parties here included a general request for any other relief that the court deemed just and equitable or appropriate under the circumstances. Additionally, as shown above, maintenance is clearly within

the statutory bounds of relief a court may grant during dissolution of marriage proceedings. As such, we do not find that the court exceeded its authority in awarding maintenance.

¶ 24    Moreover, we are not convinced that maintenance was ruled upon *sua sponte*, as Gelu contends. During closing argument of the hearing on the petition to vacate the dismissal order, Gelu's counsel stated, "[s]he can request maintenance and child support, whatever she wants, but let's have a fair hearing." Much later, the trial court entered an order setting the trial date, specifically stating that maintenance, *inter alia*, would be at issue, suggesting that there may have been a discussion before the court regarding the issues to be addressed at trial. Without a more comprehensive report of proceedings, we presume that the circuit court acted in conformity with the law and did not *sua sponte* add maintenance to the trial agenda. See *Foutch*, 99 Ill. 2d at 392.

¶ 25    We also distinguish this court's decision in *Fox*, 191 Ill. App. 3d 514, upon which Gelu relies for support. In that case, the ex-husband filed a rule to show cause why the ex-wife should not be held in contempt for interfering with his visitation rights. *Id.* at 516. After a hearing on the motion, the trial court transferred custody of the children to the ex-husband. *Id.* at 518. On appeal, this court found that the custody order was void because jurisdiction of the court over child custody was not invoked via a proper petition. *Id.* at 521-22. This court's decision in that case was appropriate because contempt proceedings are separate and distinct from child custody proceedings and the ex-wife did not have notice that the hearing on the contempt motion would involve custody issues. Here, the filing of a petition for dissolution of marriage carries with it the statutorily mandated consideration of parental responsibilities, child support, maintenance, and property disposition. See 750 ILCS 5/401(b) (West 2020). As such, we find *Fox* inapposite.

¶ 26    The issue in *Suriano*, 386 Ill. App. 3d at 493, was largely the same where the only pleading before the trial court was a rule to show cause to hold the petitioner in contempt for violating the

agreed custody order but the trial court nonetheless *sua sponte* terminated the joint parenting agreement. Like in *Fox*, this court concluded that the trial court did not have jurisdiction to terminate the agreement and held that the order was void. *Id.* As with *Fox*, and for the same reason, we find *Suriano* to be inapposite.

¶ 27    Our second reason for rejecting Gelu's argument is that the record, notwithstanding its incompleteness, suggests that he acquiesced to the trial court's consideration of maintenance.

¶ 28    In *Lewis v. Lewis*, 120 Ill. App. 2d 263, 273 (1907), the plaintiff challenged the trial court's consideration of equitable estoppel where it had not been pleaded. This court found that the plaintiff failed to timely object and both parties presented evidence and cross-examined witnesses as to the issue. *Id.* As such, this court held that the plaintiff waived any issue she may have had to the defendant's failure to plead the issue. *Id.* (citing *Slezak v. Fleming*, 392 Ill. 387 (1946)); see also *Hochleutner*, 260 Ill. App. 3d at 689, 691 (relying on principles of waiver in rejecting the petitioner's argument regarding the respondent's failure to plead for an award of maintenance).

¶ 29    Similarly, here, there is no evidence before us that Gelu objected to the court's agenda for the trial. It is clear from the documents submitted for the trial, Gelu's motion to reconsider, and Gelu's brief that a number of financial matters were discussed during the trial. This suggests to this court that Gelu acquiesced. See *Buzan v. Buzan*, 45 Ill. App. 3d 181, 183 (1977) ("As a general rule parties may waive formal pleadings by the introduction of evidence or their conduct at trial."). Gelu also certainly had notice that maintenance was at issue and had the opportunity to present evidence to support his arguments regarding the same.

¶ 30    As support for our conclusion, we point to the adverse ruling in *Klaisner v. Klaisner*, 28 Ill. App. 3d 110, 114 (1975), where this court held that the trial court "exceeded its authority" by ordering the conveyance of the defendant's interest in the marital home. In that case, the plaintiff's

complaint did not mention the marital home in either the body or the prayer for relief. *Id.* at 113-14. This court noted that a court may order a conveyance of property even if not "specifically prayed for in the complaint" pursuant to statutory provisions but nonetheless held that the conveyance portion of the trial court's order was void because it was "first requested at the default hearing, without prior notice to the defendant." *Id.* We easily differentiate the facts before us from those in *Klaisner* where Gelu had both notice and an opportunity to be heard and to present evidence on the issue of maintenance. There was no surprise and the general prayer for relief and statutory provisions provided authority for the trial court to rule on maintenance.

¶ 31    For these reasons, we conclude that the trial court's award of maintenance is not void for lack of jurisdiction.

¶ 32    As to Gelu's remaining claims, we must affirm the trial court's decision because he has failed to provide this court with a transcript of the hearing or an appropriate substitute. See Ill. S. Ct. R. 323 (eff. July 1, 2017). As we have stated, Gelu bears the burden of providing this court with a sufficiently complete record of the proceedings at trial to support his appellate arguments. *Foutch*, 99 Ill. 2d at 391. Without a complete record, the reviewing court will presume that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. *Id.* at 392.

¶ 33    Here, Gelu argues that the trial court abused its discretion because it did not consider the statutory factors, made incorrect mathematical calculations, and should have disregarded Simona's testimony. These are all issues of fact, requiring a review of the evidence presented to the trial court. Because we are without a sufficient record before us, there is no basis for holding that the trial court abused its discretion in awarding maintenance. See *Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶ 38 ("[W]ere we to presume that an evidentiary hearing occurred but

that we lacked a transcript of the hearing, *Foutch* dictates that we would simply presume the trial court's order was in conformity with the law and had a sufficient factual basis."); *Illinois Founders Insurance Co. v. Williams*, 2015 IL App (1st) 122481, ¶ 56 (absence of a report of proceedings or acceptable substitute frustrated appellate review for abuse of discretion). Accordingly, we presume that the trial court's maintenance award was proper.

¶ 34                                    III. CONCLUSION

¶ 35    For the reasons stated, we affirm the judgment of the circuit court.

¶ 36    Affirmed.